**FILED**

Plaintiff's Name __Gregory L. Rhoades__
Inmate No.___# E-73249_____
Address __P.O. Box 1906, Tehachapi,__
__Ca.  93581._____

2005 MAY 19  A 11: 39

CLERK. US DIST. COURT
EASTERN DIST.. OF CALIF
AT FRESNO
BY_____
DEPUTY

IN THE EASTERN DISTRICT OF CALIFORNIA
FOR THE EASTERN DISTRICT OF CALIFORNIA AT FRESNO

__Gregory  L. Rhoades__
(Name of Plaintiff)

CV F-02-5476 AWI  DLB P
(Case Number)

vs.

AMENDED COMPLAINT

__Edward  Alameida : Director of Correction.__
__F.A. Brown : Chief Deputy Warden.__
__R. Vogel : Correctional Sergeant.__
__D. Adkinson : Correctional Officer.__
(Names of all Defendants)

Civil Rights Act, 42 U.S.C. § 1983

I. **Previous Lawsuits** (list all other previous or pending lawsuits on back of this form):

A.   Have you brought any other lawsuits while a prisoner?  Yes ___  No ✓

B.   If your answer to A is yes, how many? _____
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff _____

Defendants _____
_____
_____

2. Court (if Federal Court, give name of District; if State Court, give name of County)
_____

3. Docket Number _____  4. Assigned Judge _____

5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_____

6. Filing date (approx.) _____  7. Disposition date (approx.) _____

1

II.    **Exhaustion of Administrative Remedies**

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓ No___

B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ✓ No___

If your answer is no, explain why not_____

_____

_____

_____

C.    Is the process completed? The process is completed (exhausted) if: (1) your appeal was granted at one of the levels of review, or (2) you pursued your appeal to the final level of review available.

Yes ✓    If your answer is yes, briefly explain what happened at each level.
I FILED AN INMATE/PAROLEE APPEAL FORM, 602, ON 9-3-2000. IT WAS
DENIED AT EVERY LEVEL. I THEN WROTE TO THE, (STATE OF CALIFORNIA, BOARD
OF CONTROL); IN RESPONSE OF "DIRECTOR'S LEVEL APPEAL DECISION". WHICH STATED,
I COULD APPEAL TO THE "BOARD OF CONTROL, GOVERNMENT CLAIMS UNIT." IT WAS ALSO DENIED.

No___    If your answer is no, explain why not.

_____

_____

_____

_____

_____

NOTICE:    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. *Booth v. Churner*, 121 S. Ct. 1819, 1825 (2001). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** *Id.* at 1821.

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant EDWARD ALAMEIDA       is employed as DIRECTOR OF CORRECTIONS (C.D.C.) at   FOR: STATE OF CALIFORNIA.

B.    Additional defendants "F.A. BROWN"- chief Deputy Warden ,(FOR) CORCORAN STATE PRISON-IV. "R.VOGEL"- Correctional Sergeant ,(FOR) CORCORAN STATE PRISON-IV. "D. ADKINSON"- Correctional Officer , (FOR) CORCORAN STATE PRISON- IV.

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

MR. Edward Alameida , F.A. Brown, R. Vogel and D. Adkinson. While acting "under color of state law", The above named Defendants' did deprive Plaintiff of the following CIVIL RIGHTS. Count-① :(14th AMENDMENT , DUE PROCESS OF LAW-AND EQUAL PROTECTION), and (5TH AMENDMENT , DUE PROCESS ). Count-② :(1ST AMENDMENT, FREEDOM OF RELIGION). and Count-③ :(8TH AMENDMENT , TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT). While in Corcoran state Prison (S.H.U.) , Counts 1,2,and 3 did happen on 9-12-2000 . Mr. Edward Alameida - Director of Correction - has not provided protection and/or any policies for "INDIGENT" inmates, who are "lifer" prisoners' that have no funds or family to send personal property to. And therefore inmates property is confiscated, destroyed or donated, without the equal protection of law (14th, AMENDMENT, and 5th AMENDMENT).... F. A. Brown - Chief Deputy Warden - [Cont. pg. #3(a)].

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

(1.) An Injunction preventing Defendants (CDC), from destorying any Inmates' personal property and/or possessions, without legal Concent from Inmate(s). And a written policy "PROTECTING" (INDIGENT) Inmates, put into effect. (2.) Damages in the sum of $1500.00 dollars . And (3.) Punitive damages in the sum of $150,000.00 dollars (from each defendant) ; on behalf of mental stress and suffering, causing anxiety.

I declare under penalty of perjury that the foregoing is true and correct.

Date_____    Signature of Plaintiff_ Gregory L. Rhoades

By his acts of allowing and approving the destruction of plaintiff's personal property, maliciously violated plaintiff's rights given by the, (14ᵀᴴ Amendment and 5ᵀᴴ Amendment).... R. VOGEL - correctional Sergeant, by his acts of giving orders and approving the destruction of plaintiff's personal property. Which consisted of personal photographs of family, which some can never be replaced; Artwork (drawings); My Mother's wedding ring; Native American Religious Artifacts and Items, [I.E] - FEATHERS, SACRED HERBS, "sage, sweetgrass, tobacco, copal, and bitter root," MEDICINE-BAG; WRIST BANDS -"beaded", and NECKLACES -"beaded". I hold my religious beliefs sincerely, it is not just my religion, but it is a way of life for all Native Americans' to practice their religion. And the items described above are a necessary and important part of my religious ceremonies and practices. Defendant knowingly had violated Federal Law for having had plaintiff's religious artifacts destroyed. And also for the record, these "ITEMS" of personal property are not "contraband" and presented no threat to institutional security or the safety of any persons. And so the defendant not only heinously and maliciously with "intent" did violate plaintiff's rights, (14ᵀᴴ, 5ᵀᴴ, 8ᵀᴴ, and 1ˢᵀ Amendments).... D. ADKINSON - correctional officer, he inventoryed plaintiff's personal property. So by his actions of destroying plaintiff's personal property, and/or without giving notice before doing so, and without telling his superior officer, (Sgt. R. Vogel) of the 14 and 5ᵀᴴ Amendments, giving plaintiff the right to "due process of law and equal protection"; [I.E] - being allowed to file an (Inmate/Parolee Appeal Form, CDC Form 602), before any destruction of property is to take place, which is my right given by (C.D.C.) rules and regulations; Title 15, Article 8 - 3084.1 (a). Did violate knowing the law. Defendant also knew that plaintiff's property was not contraband and did not present a security threat. I also informed c/o's: Adkinson, of a procedure from the (D.O.M.)-"operations manual" - 54030.11 (Temporary transfers and returns). Which was of a less restrictive means that the (C.D.C.) officials' and officers' could have taken. And would not of cost the state any money or would have caused any hardship on officers' or inmates', and was not a security risk. The destruction of plaintiff's personal property not only contained things that are "irreplaceable", but compensatory, also contained items which are of equally "tangible value", was done for the sole purpose of harassment and retaliation. Because plaintiff was accused of assualt on a correctional officer. Whereas Corcoran officers' have a notorious background for willfully, and with malicious intenstions to cause, "intentional" infliction of mental stress, suffering, and bodily harm to inmates for such accuations; for which there in no penological justification. Thus, Defendant did deprive (me) of my (14ᵀᴴ, 5ᵀᴴ, 8ᵀᴴ and 1ˢᵀ Amendments).

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Log No. CO-3157    Category 5b

Location: Institution/Parole Region: CSP CORCORAN

1. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GREGORY RHOADES | E-73249 | — NONE — | 4B 3L 1 |

A. Describe Problem: ON 9·4·2000, I AM SUPPOSED TO SEND A TRUST ACCOUNT WITHDRAWAL FORM TO PROPERTY ROOM, TO %0-ATKINSON, SO THAT I CAN SEND MY PROPERTY TO SOME-ONE. WELL I DID NOT, BECAUSE I HAVE INSUFFICIENT FUNDS. AND I ASK THE RIGHT TO HOUSE AN INMATE'S WHO IS A "LIFER", PERSONAL PROPERTY PENDING RELEASE FROM (AD-SEG) or (SHU.) BASED ON THE FACT — Please see attached page — #①

If you need more space, attach one additional sheet.

B. Action Requested: I WOULD LIKE FOR MY PERSONAL PROPERTY TO BE STORED; INTILL I AM SENT BACK TO A MAIN LINE.

Inmate/Parolee Signature: Gregory Rhoades          Date Submitted: 9/3/2000

C. INFORMAL LEVEL (Date Received: 10/3/00 )

Staff Response: DENIED: DUE TO YOUR FAILURE TO SUBMIT A CDC 193 TO THE 4A PROPERTY ROOM, YOUR SHU NON-ALLOWABLE PROPERTY WAS DISPOSED OF ON 9/12/00 PER OPERATIONAL PROCEDURE 806.

Staff Signature: D. Atkinson, c/o 4A PROPERTY          Date Returned to Inmate: 10/3/0

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I did not fail to submit a CDC 193 form. Their was no reason to send in. I clearly stated to %0-Gonzalas (4A 3L), that I had insufficient funds. Then afew days later I received a CDC 128 B and a trust withdrawal form from %0-Atkinson. I waited as long as I could to try and get some money; [Continued page #2]

Signature: Gregory Rhoades          Date Submitted: 10/5/2000

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number: _____

RECEIVED
MAR 23 2001
INMATE APPEALS

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other MAR 2 3 '001

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: OCT 20 ENT'D Due Date: 12/5

Interviewed by: R Vogel You Appeal is denied. You have requested that your Non-allowable SHU property be stored until your release from the SHU. You refer to DOM 54030 TEMPORARY TRANSFERS AND RETURNS. However, this section does not refer to you. You are not in SHU on a "temporary" basis. Your placement is a result of clasification action. Therefore your property is governed by O.P. 222 SEC 602 INMATE PROPERTY and O.P. 806 INMATE PROPERTY. Per written policy, you were afforded an opportunity to send non-allowable property home. At the completion of 30 days, your property was disposed of.

Staff Signature: R Vogel Title: SGT Date Completed: 11-9-00

Division Head Approved: Signature: M Meeks Title: AW Returned Date to Inmate: NOV 14 ENT'D

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

My appeal was denied because I have no money, to send my property out. I ask that it be stored intill I'm released. I am here for a determinate time; I don't have an indeterminate (S.H.U.)..... So I would like for my property to be — [continued page #3]

Signature: Gregory Rhoades Date Submitted: NOV 26-2000

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other DEC 11 ENT'D

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date: 1/10

☒ See Attached Letter

Signature: D. Stutsman Date Completed: 1/23/01

Warden/Superintendent Signature: F.A. Brown, CDW Date Returned to Inmate: JAN 30 2001

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I ask that my property held under (D.O.M section 54030-11): Also, I just don't understand.? I've written all I know, and I wasn't able to find the "law Case" that deals with this problem. Anyhow, I believe that the "people", who have been assigned to hear my appeal, have tryed to deceive me, with the exception of (F.A. Brown, c.d.w.). They wrote on the (602) that my property was destoryed; [continued page #4]

Signature: Gregory Rhoades Date Submitted: 3/19/2001

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: DEC 18 2001

CDC 602 (12/87)

THAT SAID INMATE IS INDIGENT AND/OR HAS
NO RELATIONS WHICH HE CAN SEND PERSONAL
PROPERTY TO. AS WELL AS THE FACT THAT SAID
"LIFER" HAS NO RESOURSE IN WHICH TO RECOVER
OR REPLACE THE (ITEMS) IF FORCED TO DONATE.
SO I ASK THAT MY PROPERTY BE STORED. I
LOOKED AT [D.O.M.] SECTION 54030.11 (TEMPORARY
TRANSFERS AND RETURNS). and it states; "property
for inmates placed in temporary ad-seg and special
housing units, shall be stored in R&R, or in ad-seg
property rooms (if available)", please consider.

Page # 2
LOG # - 4B3-09-20

the CDC 128 B form gave me 30 days to try. And when
I did not receive any money, I wrote and submitted
an appeal (602), so I can attempt to save my property
I submitted (602) before my time was up. All I ask
is that my property be stored. Please consider D.O.M.
Section 54030.11.

[ADDED] ARE CDC 128 B and trust withdrawal form.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128 B (8/87)

NAME and NUMBER

NAME

RHOADES

NUMBER

E-73249

HOUSING

4A3L-63R

## NOTICE - 4A PROPERTY ROOM

This will serve as a notice that you have _Two (2) Boxes_ of unauthorized CSP-C SHU property currently stored at the 4A Property room. As a result of your failure to provide the 4A property room with a completed trust withdrawal order, you have 30 days in which to provide the necessary documentation requested, or your unauthorized CSP-C SHU property will be disposed of in accordance with CDC title 15, §3191(c)

this notice expires: _9/4/00_

CC:   CENTRAL FILE
      COUNSELOR
      INMATE
      PROPERTY FILE

DATE _8/4/00_

_[signature]_

C/O 4A PROPERTY ROOM

(INFORMATIVE)                    CSP-CORCORAN    GENERAL CHRONO

# TRUST ACCOUNT WITHDRAWAL ORDER

Date: _____

To: Warden                 Approved By: _____

I hereby request that my Trust Account be charged $_____ for the purpose indicated below and authorize the withdrawal of that sum from my account.

_____
CDC Number

State below the PURPOSE for which withdrawal is requested.

PURPOSE: ___ SHIPMENT OF UNAUTHORIZED ___
_____ ITEM(S) _____

NOTE:  ALL ITEMS WILL BE SHIPPED BY UPS
*In the event my Trust Account does not have sufficient funds within thirty (30) days from the date of this form (date above) for shipping, I authorized the following:*

| | |
|---|---|
| _____ | Donate to : CSP-CORCORAN |
| _____ | Donate to a Local Charitable Organization |

If no selection is noted, Institution staff will determine the method of disposition.

_____
NAME (Signature) DO NOT PRINT

PRINT PLAINLY BELOW name and address of person to whom package is to be mailed.

NAME: _____
ADDRESS: _____
_____

_____
PRINT YOUR FULL NAME HERE

TRUST ACCOUNT BALANCE
| | |
|---|---|
| 10 DAYS | DATE |
| 20 DAYS | DATE |
| 30 DAYS | DATE |
| DISPOSITION | DATE |

## ADDRESS LABEL

CORCORAN STATE PRISON
1 KING AVENUE
P.O. BOX 8800
CORCORAN, CA  93212-8800
NAME/CDC NUMBER: _____        PKG #:_____

NAME: _____
ADDRESS: _____
CITY: _____  STATE: _____  ZIP: _____

DOCUMENT2

stored under (D.o.m.) section 54030.11, (Temporary transfers and returns). Also, their should be a written policy protecting inmates, who have no funds to send property out. Because personal property such as Photographs, Letters/cards, and Religious Items are very sacred to an inmate-(person). These policies (o.p. 222 sec. 602), and (o.p. 806) are [Cruel and Unuasual punnishment]. And; in addition, this is a form of (Harassment: As defind in title 15 - article 1. Behavior 3000. "Means a willful course of conduct directed at a specific person, group, or entity which seriously alarms, annoys, or terrorizes that person, group, or entity and which [serves no legitimate purpose]." And could you explain how these procedures (o.p. 222),(o.p 806) are reasonably related to legitimate penological interests? Also. to inform, it is against Federal and/or State law to willfully destroy any Religious Items; and Religious Items are also protected under Constitutional law. I'm not sure of which laws to "cite" right now. But when I'm done with my law research I will amend this appeal complaint; when I find the law cases.

Respectfully,
⅋/m: Rhoades #E-73249

*State of California Youth and Adult Correctional Agency*                                                                                     *Gray Davis, Governor*

# DEPARTMENT OF CORRECTIONS

**CALIFORNIA STATE PRISON-CORCORAN**
4001 King Avenue
P. O. Box 8800
Corcoran, California 93212-8309
(559) 992-8800



## SECOND LEVEL APPEAL RESPONSE

| | |
|---|---|
| **DATE:** | December 30, 2000 |
| **TO:** | Inmate Rhoades, E-73249 |
| **RE: APPEAL LOG NO.:** | CSP-C-6-00-03157 |
| **ISSUE APPEALED:** | Property |

**PROBLEM DESCRIPTION:** The appellant contends that he is serving a Determinate Security Housing Unit (SHU) term and is requesting that his SHU non-allowable property be retained in the Property room pending the completion of his SHU term. Appellant cites DOM 54030.11, Temporary transfers and returns.

**ACTION REQUESTED:** Appellant requests that his personal property be stored until he is sent back to the Main line.

**APPEAL RESPONSE:** Appellant received a most appropriate response at the Informal and First Formal level of review. Per Operational Procedures 222, section 602, Inmate Property, and Operational Procedures 806, Inmate Property: appellant must provide staff with the necessary funds for his property to either be mailed home, have it donated to the state, or destroyed. If appellant does not provide the necessary funds, staff will make the determination as to which method of disposal will be implemented.

Based on the aforementioned, the appeal is denied at the Second Level of review.

**APPEAL DECISION:**     Appeal is DENIED at the Second Level of review.

*F. A. Brown*

**F. BROWN**
**Chief Deputy Warden, Administration**

VC/de

Log # CSP-C-6-00-03157

to make me think that I had nothing
to appeal (602), now that they disposed of
my property. Also, they took a long time
to send my (602) back; Only when I wrote
them, two Inmate request for Interview's*, did
I finally get my appeal back. I have no
funds to send my property out, and even if I
did, my family has no place for it. So please
concider Dom Section 54030.11. And their should
be a new policy, put in place to protect
Indigent inmates.


(ADDED) * Imate Request for interview / Inmate - Parolee Appeal (602)
                                          Status Report.




                                    Respectfully,
                                    F/m: R HOADES
                                        # E-73249

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 2·8·2001 | APPEALS COORDINATOR | RHOADES | E-73249 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB HOURS |
|---|---|---|---|
| 4A 1L | 7 | N/A | FROM ___ N/A TO ___ |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| N/A | FROM ___ N/A TO ___ |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I am wondering about my appeal? It is concerning my
personal property. The appeal number is CSP-C-6-00-03157. I was
supposed to hear back from you on or by 1-10-2001. The assigned
staff reviewer is, CCII Castillo. I wrote him a request  **OVER**

*Do NOT write below this line. If more space is required, write on back.*

| INTERVIEWED BY | | DATE |
|---|---|---|
| | @ | 2-15-c1 |

DISPOSITION
See Status report

```
------------------------------------------------
| Inmate / Parolee Appeal (602) Status Report |
------------------------------------------------
```

AS OF: 02/15/01
------------------

```
------ PRIMARY APPEAL DATA -------      ----------- FIRST LEVEL -----------
| Log Number   : CSP-C-6-00-03157|      | Date Assigned: 10/20/00          |
| Date Received: 10/10/00        |      | Assigned To  : AW 4A             |
| Appellant    : RHOADES         |      | Date Due     : 12/05/00          |
| CDC Number   : E-73249         |      | OD Notice #0 :   /  /            |
| Appeal Issue : PROPERTY        |      | Date Complete: 11/09/00          |
| Area of Orig : 4B-3L           |      | Disposition  : DENIED            |
----------------------------------      ------------------------------------

----- $$$ REIMBURSEMENT DATA -----
| Amount: $  0.00                |      ----------- SECOND LEVEL ----------
| Factor:                        |      | Date Assigned: 12/11/00          |
----------------------------------      | Assigned To  : CCII CASTILLO     |
                                        | Date Due     : 01/10/01          |
-------- SCREEN OUT DATA ---------      | OD Notice #0 :   /  /            |
| Scrn Out Date:   /  /          |      | Date Complete: 12/30/00          |
| Scrn Out Code: 0               |      | Disposition  : DENIED            |
| Scrn Out Note:                 |      ------------------------------------
----------------------------------

-------- INFORMAL LEVEL ----------      ----------- THIRD LEVEL -----------
| Date Assigned: 10/03/00        |      | Date Complete :   /  /           |
| Assigned To  : C/O D. ADKINSON |      | Disposition   :                  |
| Date Complete: 10/03/00        |      | Third Lev Note:                  |
| Disposition  : DENIED          |      | Third Lev Note:                  |
----------------------------------      ------------------------------------


        -------------------- Comments/Notes --------------------
        | HOLD PROP UNTIL BACK ON MAINLINE                     |
        | RET TO IM 01/30                                      |
        |                                                      |
        --------------------------------------------------------
```

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **DEC 1 8 2001**

In re:    Rhodes, E-73249
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB CASE NO: 0009155          LOCAL LOG NO: COR 00-3157
APPEAL CATEGORY: Property

This matter was reviewed on the existing record on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner R. Floto, Facility Captain.

**I    APPELLANT'S ARGUMENT:** He alleges that staff inventoried and packaged his property upon his transfer to Security Housing Unit (SHU). He claims that staff negligently confiscated some of his property items upon his placement in SHU.

**A.    APPELLANT'S REQUEST:** He requests to be reimbursed for the cost of the confiscated property items or for the facility to store the items for him.

**II    SECOND LEVEL DECISION:    DENIED**

**III    SECOND LEVEL ARGUMENT:** The items were appropriately confiscated upon his placement in ASU. The items in question are not allowable property items in SHU. He was provided the opportunity to send the items home or donate them. The facility does not have the capability to store property for inmates.

**IV    DIRECTOR'S LEVEL DECISION:    DENIED**

**A.    REASONS FOR DECISION:** The Second Level Response is appropriate and the decision is based upon a reasonable penological interest. It represents CDC's position. The appellant has failed to present compelling evidence and convincing argument to warrant modification of the decision reached by the institution. The Department does not accept liability for the loss of inmate personal property unless it is established that such loss was the result of employee negligence. The items in question are not allowable property items in SHU and were appropriately confiscated.

**B.    REGULATORY AND/OR LEGAL FOUNDATION(S) FOR THE DECISION:**
CA Code of Regulations: 3084.7, 3190, 3193, 3343
CDC Operations Manual:
OTHER:

**V.    DIRECTOR'S LEVEL ORDER:** No order is necessary.

This decision exhausts the administrative remedy available to the appellant within CDC. If this is a group appeal, the appellant shall, pursuant to CCR 3084.2(f)(2), share this response with the other inmates who signed it. If the appellant addressed multiple concerns, only the most pertinent issue was addressed. The appellant may appeal a denied property/monetary request appeal to the State Board of Control, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035.

LINDA L. RIANDA, Chief
Inmate Appeals Branch

cc:    Warden, CCI
Appeals Coordinator, CCI
Appeals Coordinator, COR

State of California
Victim Compensation and Government Claims Board
Government Claims Branch
P.O. Box 3035
Sacramento, CA 95812-3035
(800)-955-0045  ATSS (916)-323-3564

Gregory Rhoades E73249
P O Box 1906
Tehachapi, CA  93581

RE:    Claim G522218 for Gregory Rhoades, E73249

Tort claim for Incomplete, Amount and How Determined

Dear Mr. Rhoades:

The Victim Compensation and Government Claims Board (Board ) received your claim on January 08, 2002.

We have reviewed your claim and determined that it is incomplete for the following reason(s):

Please specify if the claim is a limited civil case or a non-limited civil case. A limited civil case is a claim in which the amount claimed totals less than $25,000. A non-limited civil case is a claim in which the amount claimed exceeds $25,000.

Please specify the amount you are claiming and explain how you determined the amount.

Please return your written response and a copy of this notice to the Board  and indicate claim number G522218 on all correspondence. We must receive a written response to this notice before we can process your claim further.

If you have questions about this matter, please mention letter reference 98 and claim number G522218 when you call or write your claim technician/analyst at (800)-955-0045.

Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc: GCB Staff

Ltr 98 Incomplete Claim

State of California
Victim Compensation and Government Claims Board
Government Claims Branch
P.O. Box 3035
Sacramento, CA 95812-3035
(800)-955-0045  ATSS (916)-323-3564


Gregory Rhoades E73249
P O Box 1906
Tehachapi, CA  93581


RE:    Claim G522218 for Gregory Rhoades, E73249

       Tort claim for Incomplete, Amount and How Determined


Dear Mr. Rhoades:

The Victim Compensation and Government Claims Board (Board ) received your claim on January 08, 2002.

We have reviewed your claim and determined that it is incomplete for the following reason(s):

In response to your inquiry dated February 3, 2002, the Board cannot complete the processing of your claim without either a dollar amount or a court of jurisdiction. The court of jurisdiction will indicate the approximate dollar amount to be claimed. Non-limited or superior court indicates that the amount to be claimed would be greater than $25,000. Limited, or municipal court, indicates that the amount to be claimed would be less than $25,000.

If you have exhausted your 602 Appeal process, please forward a copy of the Directors Level Decision. If the Department of Corrections has denied your appeal, the Board will deny your claim as well. This action preserves your right to sue the State, should you choose to pursue this matter in a court of law.  Your claim will then be placed upon an in-house hearing ( you are not required to attend) and reject the claim. Within approximately two weeks a notice will be mailed to you stating the official action of the Board.

If your claim has been granted by the Department of Corrections, the above hearing process would be the same.

Please return your written response and a copy of this notice to the Board  and indicate claim number G522218 on all correspondence. We must receive a written response to this notice before we can process your claim further.

If you have questions about this matter, please mention letter reference 98 and claim number G522218 when you call or write your claim technician/analyst at (800)-955-0045.


Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc: GCB Staff

Proof of Service by Mail

I declare that:

I am a resident of **CALIF. CORR. INST.** in the county of **KERN**,
California. I am over the age of 18 years. My residence address is: Gregory L. Rhoades,
#E-73249 , CCI , P.O. Box 1906, Tehachapi, Ca 93881 .

On 5/16/2005, I served the attached [×] Documents / AMENDED COMPLAINT on the
OFFICE OF THE CLERK in said case by placing a true copy thereof enclosed in a sealed
envelope with postage thereon fully paid, in the United States mail at Tehachapi, CSP.
addressed as follows:

OFFICE OF THE CLERK , 1130 "O" Street ,
Room 5000 , Fresno , Ca. 93721

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct, and that this declaration was executed on 5/16/2005 [date],
at Tehachapi , California.

Gregory L. Rhoades
[Type or Print Name]

Gregory L. Rhoades
[Signature]