UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RHODES, | CASE NO. 1:02-CV-05476-AWI-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| ALAMEIDA, et al., | (Doc. 40, 42, 47) |
| Defendants. | |

A. Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Alameida, Brown. Vogel, and Adkinson on plaintiff's claim that defendants Adkinson, Vogel and Brown violated his Fourteenth and Fifth Amendment right to due process by failing to store his disallowed property until he was released from the Security Housing Unit (SHU). He also claims his rights under the Equal Protection Clause, First Amendment and Eighth Amendment were violated.

On December 19, 2005, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, defendants Adkinson, Brown and Vogel filed a motion to dismiss on the grounds that plaintiff failed to exhaust and plaintiff failed to state a claim upon which relief may be granted. Plaintiff filed an opposition on December 27, 2006. On March 7, 2006, defendant Alameida filed a motion to challenge service of process and to join the motion to dismiss. Plaintiff filed an opposition to

1

Case 1:02-cv-05476-AWI-DLB   Document 53   Filed 06/14/06   Page 2 of 9

Defendant Alameida's motion on April 7, 2006.

B.        Defendant Alameida's Motion to Challenge Service of Process

Plaintiff filed the complaint on May 19, 2005 and the court ordered service on September 8, 2005. Plaintiff submitted the USM 285 forms on September 15, 2005. Defendant Alameida alleges that plaintiff provided the wrong address on the USM-285 form and therefore he was not served until February 16, 2006, when the U.S. Marshal, on their own initiative, located the correct address. Defendant Alameida moves to dismiss under Federal Rule of Civil procedure 12(b)(5), on the grounds that plaintiff failed to effect service within the statutory limit of 120 days as required by Federal Rule of Civil Procedure 4(m).

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

2

Here, plaintiff obviously provided the Marshal with sufficient information for them to locate defendant Alameida as he was served on February 19, 2006. Given plaintiff's pro se status, the Court finds good cause for the failure to serve within 120 days as required by Rule 4(m). The Court therefore recommends that defendant Alameida's motion to challenge service of process be denied and that defendant Alameida be allowed to join the motion to dismiss as requested.

C.     Motion to Dismiss for Failure to Exhaust Available Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies[1] as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l

---

[1] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2005).

3

Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

In their motion, defendants argue that plaintiff's prison grievance was factually insufficient to exhaust his First Amendment claims because he merely objected to the regulation requiring that he must send his property home or store it at his own expense. Defendants argue that plaintiff's informal and formal appeals dated September 3, 2000 and October 5, 2000 did not specify the nature of the property and it was not until plaintiff submitted the second level appeal, dated November 20, 2000, that he implied that the property had any religious significance for him.

In his opposition, plaintiff clarifies that he is not making a retaliation claim and argues that his grievance was sufficient to put the prison on notice of his potential claims in that he stated in the attachment to his appeal dated September 3, 2000, "it is against Federal and/or State law to willfully destroy any religious items; and religious items are also protected under constitutional law."

The Court rejects defendants' interpretation of the legal standards for the specificity required in an inmate appeal. Satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying which constitutional rights were violated by which actions or omissions. Satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison personnel on fair notice as to the events that subsequently give rise to suit. Plaintiff's appeal, which was exhausted through the Director's level of review, grieved the very facts that form the basis of plaintiff's First Amendment claim - that the destruction of his religious material burdened the exercise of plaintiff's religion. The Court therefore recommends that defendants' motion to dismiss for failure to exhaust administrative remedies be denied.

C.   Motion to Dismiss for Failure to State a Claim

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for

failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1.  Due Process Claim

Defendants argue that plaintiff fails to state a due process claim because he has an adequate post-deprivation remedy to obtain the value of his lost belongings, presuming they were improperly

5

taken from him, and therefore these claims do not implicate his federal constitutional rights to due process of law.  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

"An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, plaintiff challenges an authorized deprivation of property based on prison regulations.  Such a claim clearly implicates plaintiff's constitutional rights.  The Court therefore recommends that defendants' motion to dismiss plaintiff's due process claim be denied.

    2.  Equal Protection

Defendants further argue that plaintiff has failed to state a claim for violation of his right to equal protection of the law because he does not identify a group to which he belongs that was treated differently from any other group.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740

(9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Here, plaintiff alleges that, "INDIGENT inmates, who are 'lifer' prisoners' that have no funds or family to send property to and therefore inmates' property is confiscated, destroyed or donated, without equal protection of law."  Plaintiff's allegations that the regulations relating to property are discriminatory to indigent inmates are sufficient to meet notice pleading standards. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  Accordingly, the court recommends that defendants' motion to dismiss this claim for failure to state a claim be denied.

      3.     Eighth Amendment

Defendants argue that plaintiff's allegations regarding the destruction of his property fail to state an Eighth Amendment claim.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).

The deprivation of personal property does not meet the standard for an Eighth Amendment claim.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

7

(1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). Plaintiff does not claim that he was deprived of life necessities but merely personal property. This claim does not rise to the level of an Eighth Amendment violation and therefore this claim should be dismissed.

      4.      <u>Defendant Brown and Vogel</u>

Finally, defendants Brown and Vogel argue they should be dismissed from this action because plaintiff has failed to allege that these defendants participated or encouraged the deprivation of his property.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In his complaint, plaintiff alleges that Brown allowed and approved the destruction of plaintiff's property. Plaintiff alleges that Vogel gave orders and approved the destruction of plaintiff's property. These allegations are sufficient to allege Vogel and Brown's personal participation in the alleged deprivation.

      F.      <u>Conclusion</u>

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motions to dismiss be DENIED IN PART and GRANTED IN PART as follows:

1. Defendant Alameida's motion to challenge service of process be DENIED;
2. Defendants' motion to dismiss plaintiff's First Amendment claim for failure to exhaust be DENIED;
3. Defendants' motion to dismiss plaintiff's Due Process and Equal Protection claims be DENIED;
4. Defendants' motion to dismiss plaintiff's Eighth Amendment claim be GRANTED; and
5. Defendant Brown and Vogel's motion to dismiss them from this action be DENIED;

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 13, 2006                        /s/ Dennis L. Beck
3b142a                                      UNITED STATES MAGISTRATE JUDGE