# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RHOADES,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEIDA, et.al.,<br><br>    Defendant.<br>_____/ | CASE NO. 1:02-CV-5476-AWI DLB-P<br><br>ORDER ADOPTING PORTION OF FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART<br><br>ORDER REFERRING MOTION FOR SUMMARY JUDGMENT BACK TO MAGISTRATE JUDGE FOR FURTHER FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 76 & 84) |

## BACKGROUND

Plaintiff Gregory Rhoades, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Defendants filed a motion for summary judgment, which Plaintiff opposed. On May 1, 2008, the Magistrate Judge issued a Findings and Recommendations that recommended Defendants' motion for summary judgment be granted. The Findings and Recommendations were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. After obtaining an extension of time, on June 26, 2008, plaintiff filed an Objection.

//

**DISCUSSION**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court adopts a portion of the Findings and Recommendations and finds further Findings and Recommendations are necessary on a portion of Defendants' motion for summary judgment.

Because the background of this action, facts, and the parties' legal positions are well known to the parties, they will not be fully repeated here.   In short, this action arises from Defendants' distruction of Plaintiff's property when he was housed in the Security Housing Unit ("SHU") at Corcoran State Prison.   The parties agree that SHU inmates are limited in the property they may have in SHU cells by prison regulations, and these regulations are stricter than those applied to other inmates.  If a SHU inmate arrives with property disallowed by regulations, the regulations require SHU inmates to pay to have their extra property mailed to a family member or friend.   Otherwise, prison officials destroy and/or donate the property.    In this case, Defendants destroyed Plaintiff's property Defendants found was not authorized when Plaintiff did not provide them with an address to send the property to and a did not release funds to pay for mailing.   While Defendants' motion has lumped the destroyed property together, it is clear to the court that the destroyed property falls into two categories.   One category includes a medicine bag, toems created from small beads, eagle feathers, and other items Plaintiff states are necessary to his religious beliefs as a Native American ("Religious Property").   The second category includes other personal items, such as photographs, paper, clothing, books, tatoo equipment and other items of value to Plaintiff ("Other Property").    The court finds that resolution of Defendants' motion requires looking at these two categories separately.

**A.  First Amendment Claim Concerning Other Property**

The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion, while incarcerated.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, the Supreme Court has recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives.  Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987).    To

establish a constitutionally valid free exercise claim, a plaintiff has the initial burden of demonstrating that governmental actions burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. See School District of Abington Township v. Schempp, 374 U.S. 203, 223 (1963); Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997). Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008). Rather, the belief at issue must only be "'sincerely held'" and "'rooted in religious belief.'" Id. (citing to and quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)). The court does not dispute that Plaintiff has sincerely held religious beliefs. However, Plaintiff has failed to provide evidence that his desire to keep the Other Property is rooted in a religious belief. Thus, Defendants are entitled to summary judgment on Plaintiff's First Amendment Claim based on the destruction of Plaintiff's Other Property.

**B.   First Amendment Claim Concerning Religious Property**

The Magistrate Judge applied what is commonly known as the Turner test to the destruction of Plaintiff's property to determine if Defendants are entitled to summary judgment on Plaintiff's First Amendment claim. As explained by the Magistrate Judge, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" O'Lone, 482 U.S. at 348 (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Four factors must be considered. First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id. "Finally, the absence of ready alternatives is evidence of the reasonableness of a

prison regulation." Id.

The Magistrate Judge conducted the Turner test taking all of Defendants' proposed undisputed facts as undisputed. However, from the documents before the court, it appears that Plaintiff disputes certain proposed undisputed facts and these disputes were not addressed. First, Plaintiff's Religious Property and Other Property were lumped into one category when conducting the Turner test. The Turner test must be applied to the destruction of the Religious Property not all property. Second, the fact Plaintiff disputes whether Officer Adkinson knew some of the property had religious significance was not addressed. While Officer Adkinson has signed a declaration stating he did not know about the religious significance, Plaintiff has signed an affidavit that all statements made in the opposition are true. Because the opposition states Plaintiff told Officer Adkinson that some of the property had religious significance prior to its distruction, this factual dispute must be addressed. Third, the dispute over whether Plaintiff had an authorization form for the Religious Property and whether such an authorization was even needed has not been addressed. Plaintiff provides evidence that he did have a Religious Property Crono. In addition, the regulation that Officer Adkinson relies on for his conclusion that all inmate property must be certified as a religious artifact by the Warden and a prisoner must have a written authorization to possess the item may not be as broad as Officer Adkinson claims. Finally, Plaintiff has disputed the alleged penological purpose for the property restrictions. Plaintiff objects to Officer Adkinson's declaration describing that the purpose of restricting SHU inmates' property is the need to maintain greater security and control. Plaintiff has hypothesized about other reasons for the rule. Plaintiff's proposed fact on why the restrictions exist are founded on only Plaintiff's speculation, which of course is not admissible. However, whether Defendants have come forward with admissible evidence to support their stated penological purpose is less than clear. Defendants' evidence is based on only what Officer Adkinson, a property officer, was told the purpose behind the regulation was. Thus, the court finds it cannot grant summary judgement on Plaintiff's First Amendment claim based on the destruction of his Religious Property because Plaintiff's disputes with some of Defendants' proposed undisputed facts were never addressed.

**C. Equal Protection**

The court agrees with the Magistrate Judge's recommendation that Defendants should be granted summary judgment on the equal protection claim. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Here, Plaintiff has not provided evidence that he is similarly situated to other inmates who were allowed to have their religious property.

It is necessary to identify a "similarly situated" class against which the plaintiff's class can be compared. . Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995). Plaintiff alleges that he is similarly situated to Christian inmates, who are allowed to keep a Bible, and Muslim inmates, who are allowed to keep a Koran. Assuming Plaintiff's allegation is true, Plaintiff has still not shown that he is similarly situated to Christian and Muslim inmates. Plaintiff's Religious Property is not a book. Plaintiff's Other Property does not have the religious significance of a Bible or Koran. Thus, the court agrees that Defendants are entitled to summary judgment on Plaintiff's equal protection claim.

**D. Due Process**

The court finds the disputed issues of fact must be resolved before the court can rule on Defendants' motion for summary judgment on the Due Process Claim. An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). As discussed above, Plaintiff has disputed Defendants' proposed undisputed fact concerning the penological reason behind the SHU property restrictions. While Plaintiff has provided no evidence of a contrary reason for the restrictions, whether Defendants have met their initial burden and provided

admissible, competent evidence of the penological reason must be addressed. Thus, further Findings and Recommendations are necessary on whether Defendants are entitled to summary judgment on the Due Process Clause claim.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 1, 2008, are adopted in part.
2. Defendants' motion for summary judgment, filed September 12, 2007, is GRANTED in part as follows:
   a. Defendants are granted summary judgment on Plaintiff's First Amendment claim based on the destruction of his Other Property.
   b. Defendants are granted summary judgment on Plaintiff's Equal Protection Clause claim.
3. Defendants' motion for summary judgment on the First Amendment claim based on the destruction of the Religious Property and Defendants' motion for summary judgment on the Due Process Clause claim are REFERRED to the Magistrate Judge to determine if there are disputed issues of material fact and whether Defendants are entitled to summary judgment despite any disputes.

IT IS SO ORDERED.

Dated:   **August 2, 2008**                         **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE