# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RHOADES, | CASE NO. 1:02-CV-5476-AWI DLB-P |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ALAMEIDA, et.al., | (Doc. 76) |
| Defendant. | |

Plaintiff Gregory Rhoades, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 12, 2008, the Magistrate Judge filed Further Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On January 12, 2009, Defendants filed an objection. Plaintiff did not file an objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis except as to one Defendant.

At issue in this action is the destruction of Plaintiff's religious property pursuant to prison policy. Prison policy limited the amount of property Plaintiff could keep in his cell while serving a SHU term. Prison policy called for the destruction of Plaintiff's property beyond the

1

limit, including religious property, because Plaintiff neither provided an address to mail Plaintiff's property to nor provided funds to pay for mailing. Plaintiff contends that the policy requiring the destruction of an indigent person's property, who has no one to send the property to, instead of storing the property during the SHU term violated Plaintiff's First Amendment rights and due process rights. Defendants object to the Magistrate Judge's recommendation that this action proceed as to Defendant Alameida and Defendant Adkinson.

**A. Defendant Alameida**

The documents on file in this action and the undisputed facts reveal that Plaintiff's theory of liability as to Defendant Alameida is that he permitted a policy to exist that allowed the destruction of Plaintiff's property. This policy required the destruction of an indigent person's property who has no one to send the property to. Plaintiff claims his property should have been stored during the SHU term. Defendant Alameida's involvement in this policy is unclear. Defendants have come forward with evidence that Defendant Alameida was not the CDC Director at the time Plaintiff's property was destroyed. Plaintiff offers no evidence that Defendant Alameida had anything to do with the policy at issue in this action.

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 43 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff has failed to create a disputed issue of fact linking Defendant Alameida to Plaintiff's alleged constitutional deprivation. Thus, Defendant Alameida is entitled to summary judgment.

It is possible Plaintiff believes Defendant Alameida violated his constitutional rights because Defendant Alameida was the CDC Director when Plaintiff's final administrative appeal was denied. Defendant Alameida's actions or inactions in reviewing Plaintiff's administrative appeal are not sufficient to state a cause of action against Defendant Alameida. The existence of an administrative grievance process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under Section 1983. Buckley, 997 F.2d at 495. The position that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005)). Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Defendant Alameida is entitled to summary judgment concerning any claims based on his processing and/or reviewing the inmate appeal.

**B. Defendant Adkinson**

Defendants also contend that Defendant Adkinson is entitled to summary judgment. Plaintiff's theory of liability as to Defendant Adkinson is that he was the one who actually destroyed Plaintiff's property pursuant to prison regulations. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). "A prisoner retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Ashker v. California Dep't Of Corr., 350 F.3d 917, 922 (9th Cir. 2003) (internal citations and quotations omitted). "A prison regulation that impinges on inmates' constitutional rights therefore is valid only if it is 'reasonably related to legitimate penological interests.'" Ashker, 350 F.3d at 922 (quoting Turner, 482 U.S. at 88). "However, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Turner, 482 U.S. at 84 (internal quotations and citations omitted). Thus, "'deference is accorded to prison authorities

3

in order to avoid hampering their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration,'" Ashker, 350 F.3d at 922 (quoting Turner, 482 U.S. at 85, 88), and the regulation must be upheld if it is reasonably related to legitimate penological interests. Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (citing to Turner, 482 U.S. at 84-85 (internal quotations omitted)). In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Defendants contend that the undisputed facts show that the first Turner prong has not been met. In the Further Findings and Recommendations, the Magistrate Judge found that Defendants had failed to meet their burden as the moving party to submit evidence demonstrating a legitimate governmental interest that justifies the policy requiring inmates to pay to have their disallowed property mailed to a family member or friend or have the property destroyed. In the objections, Defendants contend that if a regulation is common sense, the state is not required to make an evidentiary showing to satisfy the first prong in Turner. With respect to the first Turner prong, the initial burden is on defendants to put forth a "common sense" connection between their policy and a legitimate penological interest. See Frost v. Symington, 197 F.3d 348, 357 (9th Cir. 1999). When an inmate does not present enough evidence to refute this common sense connection between the prison regulation and the objective, the court is to presume the governmental objective is legitimate and neutral and Turner 's first prong is satisfied. Ashker v. California Dept. of Corrections, 350 F.3d 917, 923-24 (9th Cir. 2003); Frost, 197 F.3d at 357. When an inmate presents evidence that refutes a common sense connection between a legitimate objective and the prison regulation, the state must present enough counter-evidence to show that the connection is not so "remote as to render the policy arbitrary or irrational." Ashker, 350 F.3d at 923; Frost, 197 F.3d at 357.

In their objections, Defendants contend that Plaintiff has not offered admissible evidence

to refute the common sense rationale Defendants have offered.  Defendants argue that because their proffered rational is common sense and intuitive, Defendants were not required to provide evidence.  Defendants maintain that their common sense reason to limit the type and amount of the property a prisoner can possess in the SHU is based on the prison's need to reduce fire hazards, promote quick searches, reduce the risk of vermin associated with overcrowded cells, prevent theft, limit CDCR liability for loss to property, and free valuable storage space.   The court does not find that Defendants have set forth a common sense reason for the regulation; partly this is because Defendants are not focusing on the correct regulation and facts.  The issue currently before the court is *not* the general regulation limiting property in the SHU.  The court already found that Defendants' destruction of Plaintiff's other property did not violate Plaintiffs' rights and the court granted Defendants summary judgment.  In addition, the regulation at issue in Plaintiff's claim is also not the one refusing to store *all* property not allowed in the SHU.  Rather, the regulation at issue is the one that causes the prison to destroy ***religious property and artifacts*** if an inmate is unable to mail them to a friend or relative.  Given the small number of religious items an inmate would be unable to have in a SHU cell and the number of inmates who would be unable to mail their religious items to an outside person,  the court finds that Defendants have not come forward with a common sense reason for their regulation.  As such, Defendants have failed to meet their burden on the first Turner prong on this motion for summary judgment, and Defendant Adkinson is not entitled summary to judgment.

Defendants also contend that Defendant Adkinson is entitled to summary judgment because he did not know that any of the items he destroyed had any religious significance. There is a disputed issue of fact on what Defendant Adkinson knew about Plaintiff's property. Plaintiff conceded at his deposition that he never told Defendant Adkinson about the religious nature of some of his items when he requested an interview with Defendant Adkinson or in his CDC Form 602.  See Plaintiff's Depo. at 25-26.  The portion of the CDC Form that mentions religious items was not written until Plaintiff asked for a Director's Level review in November, 2000, after the property had already been destroyed.   However, the Inventory For SHU Housing Form, which is Attachment Two to Defendant Adkinson's Declaration, indicates that some of the

seized property was American Indian religious property. See Adkinson Dec. Attach. 2. Defendant Adkinson signed and dated this form when he disposed of Plaintiff's property. As such, an inference can be made that Defendant Adkinson reviewed the form he signed; A form that noted the presence of religious property. Thus, the court cannot find on summary judgment that Defendant Adkinson never knew about the significance of the religious property.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Further Findings and Recommendations, filed December 12, 2008, along with the additional analysis set forth above, is adopted in part;

2. Defendants' motion for summary judgment, filed September 12, 2007 is GRANTED IN PART AND DENIED IN PART as follows:

3. Defendants' motion for summary judgment on Plaintiff's First Amendment claim based on the destruction of Religious Property is DENIED;

4. Defendants' motion for summary judgment on Plaintiff's Due Process Clause claim is DENIED;

5. Defendants Vogel, Brown, and Alameida's motion for summary judgment as to them is GRANTED; and

6. This case shall proceed to trial on Plaintiff's First Amendment and Due Process Claims based on the destruction of Religious Property against Defendant Adkison.

IT IS SO ORDERED.

Dated: **March 24, 2009**         /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It is not entirely clear whether Defendant Adkinson's knowledge that he was destroying religious property is necessary to show a First Amendment violation. However, Defendant Adkinson's lack of knowledge would most likely entitle him to qualified immunity.