IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY L. RHOADES,** | 1: 02 - CV - 5476 AWI DLB P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| **ALAMEIDA et al.,** | (Documents #104) |
| **Defendants** | |

In this action Plaintiff Gregory L. Rhoades contends that Defendant Atkison violated his First Amendment rights and the Due Process Clause when he destroyed Plaintiff's Religious Property. Trial in this action is set for September 15, 2009. A telephonic hearing is set for September 8, 2009.

On July 31, 2009, Plaintiff filed a motion for the court to appoint him counsel. As previously explained to Plaintiff, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Title 28 U.S.C. § 1915 confers on the court the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the court the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Here, the court has taken considerable efforts to obtain counsel for Plaintiff, including requesting the assistance from attorneys on the court's attorney panel. Despite the court's efforts and the court's ADR and Pro Bono Program Director's efforts, the court was unable to find counsel willing to voluntarily take this case.

The court finds Plaintiff competent to proceed with this action in pro se.   The court has reviewed the file in this action.   Plaintiff has presented his claims adequately, and the issues at this stage of the case are issues of fact.   Plaintiff has filed motions and pleadings throughout this action that have been articulate and organized.   While Plaintiff would be served by the assistance of counsel because he is pro se and incarcerated, the Ninth Circuit has recognized, "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525.   Plaintiff has not made such showing.   In light of the unfruitful steps the court has taken to obtain counsel, the court must deny Plaintiff's motion for counsel at this time.

Accordingly, the court ORDERS that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2009**                              **/s/ Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE