IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY L. RHOADES,** | **1: 02 - CV - 5476 AWI DLB P** |
| **Plaintiff**, | **ORDER REGARDING JURY** |
| v. | **INSTRUCTIONS** |
| **ALAMEIDA et al.,** | |
| **Defendants** | |

In this action Plaintiff Gregory L. Rhoades contends that Defendant Atkison violated his First Amendment rights and the Due Process Clause when he destroyed Plaintiff's Religious Property.   Trial in this action is set for September 29, 2009.

On September 11, 2009, the court held a telephonic conference.   At the conference, the parties and the court discussed the jury instructions that the court should give at the close of the evidence.   Pursuant to the agreement made during the conference, the following are the jury instructions the court intends to give.

*//*

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important

From:  Ninth Circuit Model #1.1C

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff claims that Defendant violated his right under the United States Constitution to freely exercise his religion by disposing of Plaintiff's religious property and that Defendant violated his right under the United States Constitution to due process of law prior to disposing of the property.  Plaintiff has the burden of proving these claims.

Defendant denies these claims.

This action is against Defendant Adkison only.    This is not an action against the State of California, the Department of Corrections and Rehabilitation, or any prison.   Whether the State of California or any other entity would reimburse Defendant Adkison is irrelevant and should not be considered.

From:  Ninth Circuit #1.2

3

**Burden of Proof**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

From:  Ninth Circuit #1.4

**All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

From: Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions, § 71.03.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

From:   Ninth Circuit #1.6

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

From:  Ninth Circuit #1.7

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

From:  Ninth Circuit #1.9

**Ruling On Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

From: Ninth Circuit #1.10

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit #1.11

**No Transcript Available**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem

From:  Ninth Circuit #13 (modified)

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

From:  Ninth Circuit #1.14.

**Impeachment Evidence - Witness**

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

From:  Ninth Circuit #2.8

**Use of Interrogatories of a Party**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

From:  Ninth Circuit #2.10

**Section 1983 Claim**

Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

From: Ninth Circuit #9.1

**Elements**

In order to prevail on his § 1983 claims against defendant Adkison, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the defendant acted under color of law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under the specify the instructions that deal with the particular rights, your verdict should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant.

From: Ninth Circuit #9.2

**Elements of First Amendment Claim:**

Despite their incarceration, prisoners retain their First Amendment rights, including the right to free exercise of religion.  This right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security.

The First Amendment was violated if prison officials substantially burdened Plaintiff's practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.

In this action, the parties agree that Plaintiff's religious beliefs are sincerely held.

From:   O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979);  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

**No First Amendment Violation If There Is A Legitimate Penological Reason**

Even if you find that there has been a substantial burden on the practice of Plaintiff's religion, the First Amendment is still not violated if Defendant's actions were reasonably related to legitimate penological interests.    Four factors should be considered to determine if an action is reasonably related to a legitimate penological interest:

> First, you must find there is a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it.   In addition, the governmental objective must itself be legitimate and neutral.

> Second, you must consider whether there are alternative means of exercising the right that remained open to Plaintiff.  The question is not whether Plaintiff has alternative means of engaging in the particular religious practice that he claims is being affected; rather you must determine if Plaintiff has denied all means of religious expression.

> Third, you must consider the impact the prison's accommodation of the right will have on guards and other inmates, and on the allocation of prison resources generally.

> Fourth, you must consider whether there are ready alternatives to the prison's current policy that would accommodate Plaintiff at de minimis cost to the prison. The absence of ready alternatives is evidence of the reasonableness.

If you find the actions were reasonably related to a legitimate penological interest, Plaintiff has not proven a First Amendment violation.

From:  Washington v. Harper, 494 U.S. 210, 225 (1990);  Turner v. Safley, 482 U.S. 78, 89-90 (1987); Ward v. Walsh  1 F.3d 873, 877 (9th Cir. 1993)

.

18

**Elements of Due Process Claim:**

Inmates retain their right to own property while incarcerated.  If an inmate's property is to be taken from him, he is entitled to notice and an opportunity to be heard prior to forfeiting ownership of his property.

Authorized deprivations of property, or conduct done pursuant to established state procedure, are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.

A postdeprivation process can satisfy due process even if the deprivation was random and an unauthorized action.

**Negligence Insufficient**

Mere negligence or lack of due care by a state official does not trigger the protections of the Constitution.

From:  <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989);  <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986),  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-32 (1986).

**Causation**

In order to establish that the acts of defendant Adkison deprived Plaintiff of his particular rights under the United States Constitution, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

From:   Ninth Circuit #9.8

**Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on Plaintiff's claims, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of the property which was damaged or destroyed;

Such sum as will reasonably compensate for any loss of use of any damaged or destroyed property during the time reasonably required for its replacement.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

From: Ninth Circuit #5.1 & #5.2

**Punitive Damages**

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendant acts in the face of a perceived risk that its actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if Defendant injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

From: Ninth Circuit #5.5

23

**Punitive Damages Second Part**

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility Defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

From: Ninth Circuit #5.5

**Nominal Damages**

The law which applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

From: Ninth Circuit 5.6

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


From:  Ninth Circuit #3.1

26

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer or my law clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

From:  Ninth Circuit #3.2

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

From: Ninth Circuit #3.3

1    The court ORDERS the parties to review these jury instructions and be prepared to

2    discuss whether they agree to the instructions and/or have any objections by the September 28,

3    2009 hearing.

4

5    IT IS SO ORDERED.

6    **Dated:    September 18, 2009                            /s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            29