1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GREGORY L. RHOADES,** ) | **1: 02 - CV - 5476 AWI DLB P** |
| ) | |
| **Plaintiff**, ) | **ORDER DENYING RENEWED** |
| ) | **MOTION FOR JUDGMENT AS A** |
| v. ) | **MATTER OF LAW** |
| ) | |
| **ALAMEIDA et al.,** ) | **(Document #138)** |
| ) | |
| **Defendants** ) | |
| _____ ) | |

**BACKGROUND**

In this action, Plaintiff Gregory L. Rhoades ("Plaintiff") contended that Defendant Atkison ("Defendant") violated his First Amendment rights and the Due Process Clause when he destroyed Plaintiff's religious property.   A jury trial in this action began on September 29, 2009. After the court denied Defendant's motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, on September 30, 2009, the jury returned a verdict in favor of Defendant on the First Amendment claim and in favor of Plaintiff on the Due Process Clause claim.   The jury awarded Plaintiff $150.00 in damages on the Due Process Clause claim.

On October 9, 2009, Defendant timely filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.   Defendant contends that he is entitled to qualified immunity on Plaintiff's Due Process Clause claim.

1  Plaintiff requested additional time in which to oppose Defendant's motion.  On March 22,

2  2010, Plaintiff filed an opposition.

3  **LEGAL STANDARD**

4  The court may enter a judgment as a matter of law if there is no legally sufficient

5  evidentiary basis for a reasonable jury to find for a party on an issue.  See Fed.R.Civ.P. 50(a).

6  Federal Rule of Civil Procedure 50 provides in pertinent part:

> (a) Judgment as a Matter of Law.
> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.
> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed.R.Civ.Pro. 50(a)-(b).

In the Ninth Circuit, judgment as a matter of law pursuant to Rule 50(b) is appropriate

when the evidence permits only one reasonable conclusion, and that conclusion is contrary to that

of the jury.  Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir. 2009);

Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir. 2006);  White v. Ford Motor Co., 312 F.3d

998, 1010 (9th Cir. 2002).  All evidence must be viewed in the light most favorable to the

2

1   nonmoving party, and the court must draw all reasonable inferences in that party's favor.

2   <u>E.E.O.C. v. Go Daddy Software, Inc.</u>, 581 F.3d 951, 961 (9th Cir.  2009); <u>Martin</u>, 560 F.3d at

3   1046; <u>Josephs</u>, 443 F.3d at 1062.  "[I]n entertaining a motion for judgment as a matter of law, the

4   court . . . may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson</u>

5   <u>Plumbing Prods., Inc.</u>, 530 U.S. 133 (2000);  <u>Go Daddy Software</u>, 581 F.3d at 961.

6       Rule 50(a) requires that a motion for a directed verdict be made at the close of all the

7   evidence in order to be renewed following entry of judgment. <u>Go Daddy Software</u>, 581 F.3d at

8   961;  <u>Zhang v. American Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1029 (9th Cir. 2003).   A

9   post-verdict Rule 50(b) motion for judgment as a matter of law is limited to the grounds asserted

10  in the pre-deliberation Rule 50(a) motion for judgment as a matter of law, and a party cannot

11  raise arguments in its post-verdict Rule 50(b) motion that it did not raise in its pre-deliberation

12  Rule 50(a) motion. <u>Go Daddy Software</u>, 581 F.3d at 961;  <u>Freund v. Nycomed Amersham</u>, 347

13  F.3d 752, 761 (9th Cir. 2003).   "However, Rule 50(b) 'may be satisfied by an ambiguous or

14  inartfully made motion' under Rule 50(a)." <u>Go Daddy Software</u>, 581 F.3d at 961 (quoting <u>Reeves</u>

15  <u>v. Teuscher</u>, 881 F.2d 1495, 1498 (9th Cir. 1989)).

16                              **DISCUSSION**

17      "When a qualified immunity claim cannot be resolved before trial due to a factual

18  conflict, it is a litigant's responsibility to preserve the legal issue for determination after the jury

19  resolves the factual conflict.   A Rule 50(a) motion meets this requirement." <u>Tortu v. Las Vegas</u>

20  <u>Metropolitan Police Dept.</u>, 556 F.3d 1075, 1083 (9th Cir. 2009); <u>see also</u> <u>Norwood v. Vance</u>, 572

21  F.3d 626, 631 (9th Cir. 2009) (defendant may waive qualified immunity claim by failing to raise it

22  to the district court during or immediately after trial under Rule 50).   Here, Defendant timely

23  made a motion for judgment as a matter of law on qualified immunity grounds during trial.

24  Thus, Defendant's renewed motion for judgment as a matter of law on qualified immunity

25  grounds is properly before the court.

26      "The doctrine of qualified immunity protects government officials from liability for civil

27

28                                        3

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, – U.S.– , 129 S.Ct. 808, 815 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Rodis v. City, County of San Francisco, 558 F.3d 964, 968 (9th Cir. 2009).  The defendant bears the burden of establishing qualified immunity. Crawford-El v. Britton, 523 U.S. 574, 586- 87 (1998).

Where a constitutional violation occurs, a defendant is entitled to qualified immunity if he or she acted reasonably under the circumstances.  Millender v. County of Los Angeles, 564 F.3d 1143, 1148 (9th Cir. 2009).   The Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), outlined a two-step approach to qualified immunity.   The first step requires the court to ask whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201;  Millender, 564 F.3d at 1148. "If the answer to the first inquiry is yes, the second inquiry is whether the right was clearly established: in other words, 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Millender, 564 F.3d at 1148 (quoting Saucier, 533 U.S. at 201).   In Pearson v. Callahan, 129 S.Ct. 808 (2009), the Supreme Court held that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 818 & 821; see also Millender, 564 F.3d at 1149.

The operation of the clearly established federal law standard depends substantially upon the level of generality at which the relevant "legal rule" is to be identified.  Anderson v. Creighton, 483 U.S. 635, 639 (1987); Rodis, 558 F.3d at 969.  "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640; Rodis, 558 F.3d at 969.  "The injured party need not establish that the Defendant's behavior had been

4

previously declared unconstitutional." Rodis, 545 F.3d at 969.  The inquiry is whether it would be clear to a reasonable officer that his or her conduct was unlawful in the situation he or she confronted. Saucier, 533 U.S. at 202; Rodis, 545 F.3d at 969.

In this action, Plaintiff contended that Defendant violated his procedural due process rights when he destroyed Plaintiff's religious property pursuant to prison policies without giving Plaintiff a hearing or other process.   The Due Process Clause protects an inmate's interest in his personal property.   Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, "prison officials have broad administrative and discretionary authority over the institutions they manage."  Hewitt v. Helms, 459 U.S. 460, 467 (1983).   Prison policies that infringe on an inmate's constitutional rights are still valid if they are reasonably related to a legitimate penological goal.  Turner v. Safley, 482 U.S. 78, 89 (1987).   To determine if a prison policy is reasonably related to a legitimate penological goal, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one."  Turner, 482 U.S. at 89.  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates."  Id. at 90 (internal quotations and citation omitted).  A third consideration is the impact the accommodation "of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally."  Id.  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation."  Id.

During trial, Defendant offered several reasons for restrictions on items an inmate may have in his cell when that inmate is housed in the security housing unit ("SHU").   These reasons included:  (1) The need for additional security measures within the SHU; (2) The use of religious property as weapons by SHU inmates; (3) The length of time an inmate is often in the SHU; (4) The amount of inmates and property transferred within the SHU weekly; (5) The lack of space to store items; (6) The difficulty in searching SHU cells for contraband; and (7) The difficulty of recognizing items that may be of spiritual significance to some religious groups.   Ultimately, the

jury found that, given these penological reasons, the destruction of Plaintiff's religious property did not violate Plaintiff's First Amendment rights.

The problem with Defendant's contention that he also did not violate Plaintiff's procedural due process rights is that Defendant never presented evidence as to what valid penological reasons required Plaintiff be given no or severally limited process prior to his religious property items' destruction.   The penological reasons cited by Defendant concerned why regulations limiting property in the SHU were necessary.   However, these reasons did not explain why regulations limiting the process given to inmates prior to the destruction of religious property were necessary.   Defendant failed to offer a valid, rational connection between the prison regulation and the deprivation of Plaintiff's procedural due process rights.   There was no evidence of an alternative means for Plaintiff to obtain his procedural due process rights.   While evidence concerning the lack of storage facilities was provided, Defendant provided no evidence that allowing Plaintiff some additional process prior to the property's destruction would have an unacceptable impact on guards, other inmates, and/or the allocation of prison resources.   Simply put, Defendant's evidence did not offer a valid penological reason to violate Plaintiff's procedural due process rights.   As such, there was sufficient evidence for the jury to find Plaintiff's procedural due process rights had been violated.

The next question in the qualified immunity analysis is whether it would have been clear to a reasonable officer that destroying Plaintiff's religious property without due process violated the Constitution.   See Millender, 564 F.3d at 1148.   The law has been clearly established since the 1970's that inmates have a due process right in their personal property.   See Hansen, 502 F.2d at 730.   While there have always been limits on an inmate's right to possess his property, the Turner factors have been used since 1987 to determine if regulations that infringe on due process rights are reasonably related to a legitimate penological goal.   See Turner, 482 U.S. at 89. Since at least the Turner case was decided, a reasonable officer would have known that there must be some penological purpose supporting a regulation that infringes on a prisoner's

6

procedural due process rights.   Because insufficient evidence was presented at trial to show a penological purpose in withholding Plaintiff's procedural due process rights, Defendant is not entitled to qualified immunity.   Thus, Defendant's motion for judgment as a matter of law pursuant to Rule 50(b) must be denied.

While not raised by Defendant, the court does note that the Ninth Circuit has found that a defendant is entitled to qualified immunity if he or she acts pursuant to official prison policies if the policies are not "patently violative of constitutional principles."  Brown v. Mason, 288 Fed.Appx. 391, 392-93 (9th Cir. 2008).   "[W]hen a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity."  Dittman v. California, 191 F.3d 1020, 1027 (9th Cir.1999); Cordell v. Tilton, 515 F.Supp.2d 1114, 1137 (S.D.Cal. 2007).   However, reliance upon a statute, regulation, or official policy does not render the officer's conduct per se reasonable.  Roska v. Peterson, 328 F.3d 1230, 1252 (10th Cir. 2003); Dittman, 191 F.3d at 1027.  The existence of a statute or ordinance authorizing particular conduct is a factor that militates in favor of the conclusion that a reasonable official would find that conduct constitutional because officers are ordinarily entitled to rely on the assumption that the legislature has considered the views of legal counsel and concluded that the regulation or policy is a valid and constitutional exercise of authority.  Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir.1994); see also Way v. County of Ventura, 445 F.3d 1157, 1166 (9th Cir. 2006). Qualified immunity will not be granted to a public official who enforces a statute, regulation, or policy that is "patently violative of fundamental constitutional principles."  Grossman, 33 F.3d at 1209; Cordell, 515 F.Supp.2d at 1137.

In this case, the court declines to address whether Defendant is entitled to qualified immunity because the prison regulations that deprived Plaintiff of due process were not "patently violative of fundamental constitutional principles."   This argument has never been raised by Defendant.   Defendant has never argued that he should be given qualified immunity because he was simply following prison regulations.   A post-verdict Rule 50(b) motion for judgment as a

7

matter of law is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion for judgment as a matter of law, and a party cannot raise arguments in its post-verdict Rule 50(a) motion that it did not raise in its pre-deliberation Rule 50(a) motion.  See Go Daddy Software, 581 F.3d at 961.   Because Defendant never argued in his earlier Rule 50(a) motion that qualified immunity was necessary because Defendant was following established prison regulations, Defendant is foreclosed from making such an argument at this late date.

**ORDER**

Accordingly, the court ORDERS that Defendant's renewed motion for judgment as a matter of law is DENIED.


IT IS SO ORDERED.

**Dated:   May 19, 2010**                      **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE